UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
GEE COMMUNICATIONS, INC.

                Plaintiff,

-against-

MEMORANDUM AND ORDER
07-CV-2210 (ENV)

KAHN COMMUNICATIONS, INC.;
LEONARD R. KAHN, PRO SE,

                Defendants.
----------------------------------------------------------x
**VITALIANO**, United States District Judge:

On May 31, 2007, Leonard Kahn, a resident of New York, filed this action as a "Motion to Transfer in View of Diversity of Citizenship and Erroneous Venue and Counterclaim," seeking to transfer a breach of contract complaint pending against his company, Kahn Communications, Inc., in Virginia state court to this court.[1] Although Kahn paid the filing fee to bring a civil action, his application is construed as a notice of removal pursuant to 28 U.S.C. §§ 1441-1446 and is denied for the reasons discussed below.

## BACKGROUND

On April 2, 2007 and April 30, 2007, Kahn filed almost identical actions seeking to transfer or remove the same breach of contract complaint from Virginia state court to this court. Kahn's motions were both denied and the cases were dismissed. See Kahn v. Gee Broadcasting, No. 07-CV-1370 (ENV) (LB); Kahn v. Gee Broadcasting, No. 07-CV-1875 (ENV) (LB).

As discussed in the prior orders, this Court has no jurisdiction to "transfer" or "remove" a case pending in the City of Richmond Circuit Court. "[A]ny civil action brought in a State court of

---

[1] The Court notes that it appears that Kahn brings this action *pro se* on his behalf, but that attorney Leonard Stark has filed on behalf of Kahn Communications, Inc.

which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place *where such action is pending*." 28 U.S.C. § 1441(a) (emphasis added). Thus, as Kahn was previously advised, any application for removal by Kahn should be made to the United States District Court for the Eastern District of Virginia, not to this court.

## CONCLUSION

Accordingly, Kahn's "Motion to Transfer in View of Diversity of Citizenship and Erroneous Venue and Counterclaim" is denied. Moreover, as this is Kahn's third action raising the same claim, he is hereby warned that the future filing of similar actions may result in an order barring the acceptance of any future actions for filing without first obtaining leave of the Court to do so. 28 U.S.C. § 1651. The Clerk of Court shall close this case.

**SO ORDERED.**

ERIC N. VITALIANO
United States District Judge

Dated: Brooklyn, New York
June 25, 2007